J-S20017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM J. ROHLAND | : | |
| | : | |
| Appellant | : | No. 233 MDA 2024 |

Appeal from the PCRA Order Entered January 11, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003799-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM J. ROHLAND | : | |
| | : | |
| Appellant | : | No. 234 MDA 2024 |

Appeal from the PCRA Order Entered January 11, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003799-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM J. ROHLAND | : | |
| | : | |
| Appellant | : | No. 235 MDA 2024 |

Appeal from the PCRA Order Entered January 11, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003799-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|                   |   :   |                    |
|-------------------|:-----:|--------------------|
| v.                |   :   |                    |
|                   |   :   |                    |
|                   |   :   |                    |
|                   |   :   |                    |
| WILLIAM J. ROHLAND |  :   |                    |
|                   |   :   |                    |
| Appellant         |   :   | No. 580 MDA 2024   |

Appeal from the PCRA Order Entered January 11, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003799-2006

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                          **FILED JULY 29, 2025**

William J. Rohland ("Rohland") appeals *pro se* from the order denying his multiple serial petitions filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We quash in part, affirm in part, and dismiss in part.

In 2006, Rohland attacked Kelli Fasulka ("Fasulka") in her home with a knife, slashing her throat and stabbing her eighteen times.  Upon exiting the residence, Rohland engaged in a physical altercation with two men on the porch, ultimately stabbing one of them.  When the men attempted to flee, Rohland retrieved a twelve-gauge shotgun and used it to shoot the unharmed man two times before finally executing him with a third round delivered directly to his head.  As the other man had managed to escape, Rohland returned inside the residence and executed Fasulka in a similar fashion, as she was still alive and attempting to crawl away in a pool of her own blood.

For these actions, a jury convicted Rohland of two counts of first-degree murder, but was unable to reach a unanimous verdict regarding the imposition

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

of the death penalty. On October 2, 2007, the trial court sentenced Rohland to two consecutive terms of life imprisonment. This Court affirmed the judgment of sentence, and on April 27, 2010, our Supreme Court denied allowance of appeal. *See Commonwealth v. Rohland*, 976 A.2d 1214 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 993 A.2d 900 (Pa. 2010). Rohland did not seek further review in the United States Supreme Court.

In 2013, Rohland filed a *pro se* petition for writ of mandamus, which the trial court dismissed following a hearing. This Court affirmed the dismissal order. *See Commonwealth v. Rohland*, 118 A.3d 451 (Pa. Super. 2015) (unpublished memorandum).

In 2019, Rohland filed a *pro se* document which the lower court treated as his first PCRA petition. The PCRA court appointed counsel, who subsequently filed a motion to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel's petition to withdraw and ultimately dismissed the petition. Rohland did not appeal from the dismissal order.

On August 5, 2022, Rohland filed a *pro se* PCRA petition, his second. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. As Rohland did not file a response to this notice, the PCRA court dismissed the petition on September 8, 2022. On September 22, 2022, Rohland filed a timely notice of appeal. On March 31, 2023, this

Court dismissed the appeal, concluding that Rohland's *pro se* brief hampered effective appellate review by substantially failing to conform to our rules of appellate procedure. **See Commonwealth v. Rohland**, 296 A.3d 659 (Pa. Super. 2023) (unpublished memorandum at *2). Rohland then petitioned our Supreme Court for review, which denied allowance of appeal on October 24, 2023. **See Commonwealth v. Rohland**, 306 A.3d 256 (Pa. 2023). Rohland did not petition the United States Supreme Court for further review.

While Rohland's second PCRA petition was pending in the PCRA court, he filed two more *pro se* PCRA petitions, submitting them on August 22, 2022,[2] and September 12, 2022.[3] Additionally, while Rohland's second PCRA petition was pending on appeal, he purported to file two more *pro se* PCRA petitions on October 17, 2022,[4] and June 5, 2023,[5] respectively.

On January 11, 2024, the PCRA court entered the underlying order denying each of these petitions.[6] In doing so, the court reasoned that it lacked jurisdiction to consider the merits of each of the petitions as Rohland's appeal from his second petition was still pending. **See** Order, 1/11/24, at 1-2.

---

[2] The August 22, 2022 petition was docketed at 235 MDA 2024.

[3] The September 12, 2022 petition was docketed at 580 MDA 2024.

[4] The October 17, 2022 petition was docketed at 233 MDA 2024.

[5] The June 5, 2023 petition was docketed at 234 MDA 2024.

[6] The PCRA court's order also purported to deny Rohland's second petition, filed on August 5, 2022. However, as explained above, the court previously dismissed that petition in an order entered on September 8, 2022.

Rohland thereafter filed four notices of appeal, one for each of the denied petitions. Rohland filed the first of these notices on February 8, 2024, from the denial of his August 22, 2022 petition. He filed the second notice of appeal on February 12, 2024, from the denial of his September 12, 2022 petition.[7] As for the remaining two petitions, filed on October 17, 2022, and June 5, 2023, Rohland filed his respective notices of appeal on February 13, 2024.

The PCRA court subsequently issued orders on February 20, 2024, at three of the four dockets for Rohland to file a concise statement pursuant to Pa.R.A.P. 1925(b), within twenty-one days or by March 12, 2024.[8] The PCRA court did not order Rohland to file a concise statement in relation to his notice of appeal from the order denying his September 12, 2022 petition. In response to these orders, Rohland filed one concise statement within this period, pertaining solely to his notice of appeal from the denial of his October

_____

[7] The PCRA court indicated that it was unaware of this notice of appeal, as it maintained that it never received a copy of the filing. *See* Opinion, 4/30/24, at n.1.

[8] Our review of the concise statement orders reveals that each complied with the requirements of Rule 1925(b), as they: (1) provided Rohland twenty-one days after the entry of the order to file a concise statement; (2) directed him to file the statement of record; (3) informed him that he needed to serve the statement on the judge at the courthouse address/mailing address included in the order; and (4) stated that any issue not properly included in the statement would be deemed waived. *See* Pa.R.A.P. 1925(b)(3) (contents of order); *see also* Pa.R.A.P. 1925(b)(2) (time for filing and service). The PCRA court docket reflects that copies of these orders were served on Rohland at his prison address that same day, and in compliance with Pa.R.Crim.P. 114.

17, 2022 petition.[9] Rohland did not comply with the remaining Rule 1925(b) orders regarding his petitions filed on August 22, 2022, and June 5, 2023.[10] The PCRA court then filed a Rule 1925(a) opinion, in which it concluded that this Court should: (1) quash the two notices of appeal that Rohland filed on February 13, 2024, as they were untimely filed; (2) dismiss Rohland's remaining appeals for failure to file a timely concise statement, as his issues were waived;[11] and/or (3) affirm its order denying the petitions, as it lacked jurisdiction to review the petitions' merits given that Rohland's second PCRA petition was pending at the time of its review.[12] *See* Opinion, 3/27/24, at unnumbered 1-3.

_____

[9] Although our review of the record shows that Rohland filed another concise statement during this period, located within the "Case Correspondence" filed on March 1, 2024, we note that this statement pertains only to the dismissal of his August 5, 2022 petition, which we clarified previously was his second PCRA petition that the PCRA court dismissed on September 8, 2022.

[10] Although Rohland eventually filed a concise statement in relation to the court's denial of his June 5, 2023 petition, he did not timely do so, instead filing the document on March 19, 2024.

[11] Based on our review of the record, we are uncertain as to why the PCRA court was unable to locate the timely concise statement that Rohland filed on March 1, 2024, pertaining to his appeal from the denial of his October 17, 2022 petition.

[12] We further clarify that because the PCRA court was not aware of Rohland's notice of appeal regarding the denial of his September 12, 2022 petition, it did not directly address it in its Rule 1925(a) opinion. Accordingly, when the PCRA court later became aware of this notice of appeal, it addressed it in a separate, subsequent Rule 1925(a) opinion, wherein it urged this Court to dismiss the appeal as a result of a docket sheet which incorrectly indicated that Rohland was appealing from a nonexistent order filed the same day as his petition. *See* Opinion, 4/30/24, at unnumbered 1-3.

Before we may consider the merits of Rohland's instant appeal, we must first determine whether we have jurisdiction to do so, as we "lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte*." ***Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa. Super. 2015) (citation omitted). "Time limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa. Super. 2002) (citation omitted).

Pursuant to Pa.R.A.P. 903(a), Rohland had thirty days from the entry of the January 11, 2024 denial order, until February 12, 2024, to file a timely notice of appeal.[13] Although Rohland filed four notices of appeal, we reiterate that he only filed two notices on or prior to this date, on February 8, 2024, stemming from the denial of his August 22, 2022 petition, and on February 12, 2024, stemming from the denial of his September 12, 2022 petition. Thus, the remaining two notices of appeal that Rohland filed on February 13, 2024, resulting from the denials of his October 17, 2022 and June 5, 2023 PCRA petitions, are facially untimely.

Nonetheless, we acknowledge that because Rohland is an incarcerated *pro se* appellant, the prisoner mailbox rule may apply. ***See Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011) (explaining that pursuant to the prisoner mailbox rule, a *pro se* appeal by a prisoner is deemed filed on the

---

[13] The docket reflects that the clerk of courts served Rohland with a copy of the January 11, 2024 order the same day it was filed, and in compliance with Rule 114.

date he delivers the appeal to prison authorities for mailing, even if the appeal is received after the deadline for an appeal). However, we emphasize that for this rule to apply, Rohland needed to prove that he delivered the notices of appeal to prison authorities for mailing within the thirty-day deadline. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (stating that pursuant to the prisoner mailbox rule, the appellant bears the burden to prove that he delivered the appeal to prison authorities within the appropriate time period). Notably, our review of the record reveals that Rohland did not append any verifiable evidence of the date he mailed these notices of appeal for purposes of this rule. **See Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (instructing that this court is "inclined to accept any reasonably verifiable evidence of the date the prisoner deposits the appeal with the prison authorities"). Accordingly, absent this evidence, we cannot apply the prisoner mailbox rule to Rohland's two untimely notices of appeal and must instead consider them as untimely filed. **See Jones**, 700 A.2d at 426. Thus, we quash the appeals filed on February 13, 2024, docketed at 233 MDA 2024 and 234 MDA 2024, for lack jurisdiction. **See Capaldi**, 112 A.3d at 1244.

As for Rohland's timely notice of appeal filed on February 8, 2024, we begin our analysis with a determination of whether Rohland preserved the issues he raised in his brief for our review, as required by Rule 1925(b). **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (holding that "from this date forward . . . [a]ppellants must comply whenever the trial court orders

- 8 -

them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925 . . . [and a]ny issues not raised in a 1925(b) statement will be deemed waived"); *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (finding that appellant waived all his claims on appeal for untimely filing his Rule 1925(b) statement); Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

Here, the docket reflects that on February 20, 2024, the clerk of courts sent a Rule 1925(b) order to Rohland at his prison address in response to his February 8, 2024 notice of appeal from the denial of his August 22, 2022 petition. Pertinently, this order directed Rohland to file of record and to also serve upon the trial court judge a concise statement within twenty-one days of the order. *See* Order, 2/20/24, at 1. Our review of the docket and certified record at 235 MDA 2024 discloses, however, that in response to receiving this order, Rohland did not file any concise statement of record or serve any statement on the PCRA court judge. Moreover, the PCRA court deemed all issues waived in regard to this petition due to Rohland's failure to file a timely concise statement. Consequently, because Rohland failed to comply with the PCRA court's Rule 1925(b) order, we are constrained to conclude that he has waived all issues related to his August 22, 2022 petition. *See Lord*, 719 A.2d at 309; *see also* Pa.R.A.P. 1925(b)(4)(vii). Thus, we affirm the PCRA court's order denying Rohland's August 22, 2022 PCRA petition, docketed at 235 MDA 2024.

Turning to Rohland's remaining timely appeal from the denial of his September 12, 2022 petition, we must again preface our analysis with a determination of whether he preserved his issues for our review. An appellate brief must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2101 (requiring conformity with the Rules of Appellate Procedure). It is an appellant's duty to present arguments that are sufficiently developed for our review, and "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). Where briefing defects inhibit our review, we may dismiss the appeal. *See* Pa.R.A.P. 2101.

Here, Rohland's brief does not conform to any of our appellate rules regarding format and content of the appellant's brief. Specifically, his brief does not include a statement of jurisdiction, it does not identify the order from which he appeals, it does not include a statement of questions presented, it does not provide a statement of the case, a summary of the argument, or any discernable argument. *See* Pa.R.A.P. 2111 (brief of the appellant), 2114 (statement of jurisdiction), 2115 (order or other determination in question), 2116 (statement of the questions involved), 2117 (statement of the case), 2118 (summary of the argument), and 2119 (argument). As these extensive

briefing defects inhibit our merits review, we dismiss Rohland's appeal from the denial of his September 12, 2022 petition, docketed at 580 MDA 2024.[14]

In sum, because we determine that two of Rohland's notices of appeal are untimely, we quash the appeals docketed at 233 MDA 2024 and 234 MDA 2024 for his petitions filed on October 17, 2022, and June 5, 2023, respectively. Additionally, because we determine that Rohland waived all of his issues by failing to file a concise statement for his appeal docketed at 235 MDA 2024, we affirm the PCRA court's order denying his petition filed on August 22, 2022. Finally, because Rohland's *pro se* brief substantially failed to conform to our rules of appellate procedure such that it effectively hampered our merits review, we dismiss his appeal from the order denying his September 12, 2022 petition, docketed at 580 MDA 2024.[15]

_____

[14] Accordingly, even if this Court had jurisdiction to review the merits of the issues underlying Rohland's other three appeals, these briefing defects would similarly control our disposition and require us to dismiss them as well.

[15] Moreover, we note that even if Rohland had preserved his issues for our review, we would have nonetheless concluded that the PCRA court properly denied relief for his petitions filed on August 22, 2022, and September 12, 2022, as they were pending review by the PCRA court when Rohland filed a notice of appeal from the dismissal of his second PCRA petition, and therefore premature. *See Commonwealth v. Thompson*, 292 A.3d 1082 (Pa. Super. 2023) (unpublished memorandum at *5) (concluding that the PCRA court lacked jurisdiction to rule on appellant's second PCRA petition when the appellant had appealed from the dismissal of his first PCRA petition, even though he filed the second petition prior to the appeal); *see also* Pa.R.A.P. 126(b)(1)-(2) (providing that Superior Court non-precedential decisions filed after May 1, 2019, may be cited for persuasive value). We would have further concluded that Rohland's petitions filed on October 17, 2022, and June 5, 2023, were premature as well, as he filed them while the appeal from his

*(Footnote Continued Next Page)*

Appeal quashed in part, affirmed in part, and dismissed in part.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/29/2025

_____

second PCRA petition was pending. ***See Commonwealth v. Beatty***, 207 A.3d 957, 961 (Pa. Super. 2019) (explaining "the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal").